UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| U.S. BRONCO SERVICES, INC., et al., | : | |
|---|---|---|
| | : | NO. 1:08-CV-591 |
| Plaintiffs, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| UNITED COMMUNICATIONS CORP., | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion to Dismiss the Complaint (doc. 4), Plaintiffs' Response in Opposition (doc. 6), and Defendant's Reply (doc. 9). For the reasons indicated herein, the Court GRANTS Defendant's motion and dismisses this matter.

**I. Background**

Defendant United Communications Corporation ("UCC"), an Arkansas corporation, makes and sells automatic utility meter reading devices (doc. 2). Plaintiff AMR International, Inc. ("AMRI"), a Delaware corporation, is a former distributor of UCC products; Plaintiff U.S. Bronco Services, Inc., ("U.S. Bronco") also a Delaware Corporation, installs UCC equipment (<u>Id</u>.). Plaintiffs both have their principal place of business in Butler County, Ohio (<u>Id</u>.). Plaintiffs allege Defendant UCC had a contract with AMRI such that AMRI had exclusive rights to distribute UCC equipment, but that 1) UCC violated the exclusive agreement in

September 2008 by entering into an agreement with one of Plaintiffs' competitors, and 2) UCC's equipment malfunctioned resulting in damages to Plaintiffs (Id.). Plaintiffs bring claims for breach of contract, breach of warranty, breach of exclusivity agreement, and seek declaratory judgment (Id.).

On September 11, 2008, Defendant UCC filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), premised on the theory that this Court lacks personal jurisdiction over it (doc. 4). In the alternative UCC moves the Court to dismiss the Complaint for failure to state a claim upon which relief can be granted, due to the Plaintiff AMRI's alleged lack of proper standing as a foreign corporation (Id. citing Ohio Revised Code 1703.29(A)). Plaintiffs filed their Response, Defendant filed its Reply, and this matter is ripe for the Court's consideration.

**II. Defendant's Motion to Dismiss**

  **A. The Fed. R. Civ. P. 12 (b)(2) Standard**

A court may determine its jurisdiction on the basis of written materials, when a defendant files a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). Mimco Inc. v. Virginia Iron & Metal Recycling, Inc., 840 F. Supp. 1171, 1173 (S.D. Ohio 1993) ("plaintiff need only demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss.") When considering whether personal jurisdiction exists, the Court will consider the facts and evidence in the light most favorable to

the plaintiff and cannot consider facts proffered by the defendant that conflict with any offered by the plaintiff. Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002).

In a diversity case, personal jurisdiction must be appropriate both under the law of the state in which the district court sits and the Due Process Clause of the Fourteenth Amendment. Accordingly, to determine whether personal jurisdiction exists over a defendant, federal courts apply the law of the forum state, subject to limits of the Due Process Clause. Reynolds v. International Amateur Athletic Fed., 23 F.3d 1110, 1115 (1994).

The Ohio long arm statute allows an Ohio court to exercise personal jurisdiction over nonresidents of Ohio on claims arising from the person's acting directly or by an agent to 1)transact any business in Ohio, 2) contract to supply services or goods in Ohio, 3) cause tortious injury by an act or omission in Ohio, or 4) cause tortious injury in Ohio by an act or omission outside Ohio if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Ohio. O.R.C. §2307.382 (2005). Although the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause, the Court's central inquiry is whether minimum contacts are satisfied so as not to offend "traditional notions of fair play and substantial

justice." Caphalon v. Rowlette, 228 F.3d 718 (2000)(citing Cole v. Mineti, 133 F.3d 433, 436 (6th Cir. 1998) and Goldstein v. Christiansen, 70 Ohio St.3d 232, 638 N.E. 2d 541, 545 n.1)(Ohio 1994)(per curiam)), International Shoe Co. v. Washington, 326 U.S. 310 (1945). The Court must employ three criteria to make this determination:

> (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state;
>
> (2) the cause of action must arise from the defendant's activities there; and
>
> (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Youn v. Track, Inc., 324 F.3d 409, 418 (6th Cir. 2003).

### B. The Parties' Arguments Regarding Personal Jurisdiction

UCC argues the facts of this case show it does not have the requisite minimum contacts with the state of Ohio to establish the Court's personal jurisdiction (doc. 4). UCC argues there is no dispute regarding any of its meter reading devices purchased by AMRI and installed in Ohio, that it never met with AMRI in Ohio, and that it has never had any place of business or an affiliate business in Ohio (Id.). UCC argues it did nothing in the state of Ohio that served as the proximate cause for any injury allegedly sustained by Plaintiffs (Id.). UCC therefore concludes the lack

4

of connection between its contacts with Ohio and the injuries alleged in the Complaint is not sufficient to sustain personal jurisdiction (Id.).

Plaintiffs respond that UCC uses Ohio-based Plaintiff AMRI as its sole distributor, such that UCC sells products through its connections with Ohio (doc. 6). Plaintiffs allege AMRI representatives have sent orders for UCC products from Ohio, invoices were sent to Ohio, and countless telephone communications occurred between UCC and AMRI/U.S Bronco representatives in Ohio (Id.). Plaintiffs also allege that Defendant maintains a website that is accessible to Ohio customers (Id.).

Defendant replies that Plaintiffs have submitted no evidence that it transacted business with U.S. Bronco in Ohio, and U.S. Bronco simply was not a party to the agreement between UCC and AMRI (doc. 9). Defendant replies that all of its meetings with U.S. Bronco took place in Arkansas, not Ohio (Id.). As such, UCC argues the Complaint of U.S. Bronco must be dismissed for lack of jurisdiction (Id.).

Defendant next replies that the unilateral activity of AMRI cannot satisfy the requirement that UCC purposefully availed itself of the privilege of transacting business in Ohio (Id.). Defendant argues its case is akin to The Kroger Company v. Malease Foods Corp.. 437 F.3d 506 (6th Cir. 2006), in which the appeals court found that the mere mailing of invoices and reports, and

5

occasional telephone calls to Ohio, concerning work performed elsewhere, did not rise to the level of minimum contacts. In the same way, Defendant contends, in this case AMRI initiated each transaction by sending a purchase order to UCC in Missouri, the equipment was shipped to locations outside Ohio, and AMRI sent payment to Arkansas (Id.). Moreover, argues UCC, AMRI proffered no evidence that UCC directed any communication into Ohio (Id.). These facts, UCC argues, show that it did not purposefully avail itself of the privilege of doing business in Ohio (Id.). Finally, UCC argues the fact that it has a website accessible by Ohioans in no way supports a finding of general or specific jurisdiction over it, citing Bird v. Parsons, 289 F.3d 865, 874-5 (6th Cir. 2002)(a website accessible to anyone over the Internet is insufficient to justify general jurisdiction, and can only support specific personal jurisdiction where Plaintiff's claims arise from contacts through the website).

### C. Discussion

Having reviewed this matter, the Court finds Defendant's motion well-taken. Plaintiffs have failed to allege facts showing that Defendant UCC purposefully availed itself of the privilege of doing business in Ohio. The Complaint concerns a contract executed outside Ohio, and the delivery of equipment outside of Ohio. There is no evidence that Defendant did anything in Ohio or reached into Ohio, beyond the mailing of invoices to Ohio at AMRI's

request. In the Court's view, this matter is on all fours with the Sixth Circuit's decision in <u>The Kroger Company v. Malease Foods Corp.</u>. 437 F.3d 506 (6th Cir. 2006), where such activity by a non-resident defendant was not found to rise to the level of minimum contacts with the jurisdiction. Having concluded that Defendant lacks minimum contacts with Ohio, the Court need not reach the balance of its arguments concerning AMRI's alleged improper standing as a foreign corporation under Ohio Revised Code § 1703.29(A).

Accordingly, the Court GRANTS Defendant's Motion to Dismiss the Complaint (doc. 4), and DISMISSES this case for lack of personal jurisdiction over the Defendant. Fed. R. Civ. P. 12(b)(2).

SO ORDERED.

Dated: January 13, 2009 /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge